IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONNAVIN D. M. BROWN, | : | CIVIL ACTION NO. |
| Rockdale Cnty. ID # 007510, | : | 1:15-CV-02506-WSD-JSA |
|    Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| ERIC J. LEVETT, Sheriff, | : | PRISONER HABEAS CORPUS |
|    Respondent. | : | 28 U.S.C. § 2241 |

**MAGISTRATE JUDGE'S ORDER AND**
**FINAL REPORT AND RECOMMENDATION**

On July 13, 2015, the Court received a one-page letter from Petitioner, with attachments, which the Clerk docketed as this habeas corpus action. (Doc. 1 at 1). On July 23, the Court ordered Petitioner, within 21 days, to pay the $5.00 filing fee for this action or to submit an application for leave to proceed *in forma pauperis* ("IFP"). (Doc. 2). To date, Petitioner has done neither.

In its July 23 order the Court also directed Petitioner to complete and return a habeas corpus petition, which he has done. (Doc. 3). Petitioner states that he was convicted on May 16, 2011 in the Superior Court of Rockdale County upon the entry of his guilty plea—to burglary—and that he received a sentence of 10 years' imprisonment, 3 years to serve (suspended), to "do 16 months (County time) – (First Offenders)." (*Id.* at 1; *see* Doc. 1 at 2-3). He did not appeal his conviction(s) and

sentence in state court (Doc. 3 at 2), although on May 12, 2015, he signed and filed a civil rights action in this Court (*see id.* at 3), which was docketed on June 1 and dismissed on July 2, *see Brown v. Levett*, No. 1:15-cv-1970-WSD (N.D. Ga. July 2, 2015), Doc. 1 at 5; Docs. 6-9. One of Petitioner's submissions in that case reveals that his probation arising from his May 2011 conviction(s) was revoked on June 1, 2015 for "technical violations" and he was sentenced to serve 2 more years of his original sentence. *See Brown*, No. 1:15-cv-1970, Doc. 6 at 3-8.

In his federal habeas petition, Petitioner raises three grounds: (1) before he pled guilty in May 2011, he was not released on bond and waited for more than a year in the Rockdale County Jail for an arraignment or indictment; (2) he received ineffective assistance from his public defender with respect to his guilty plea; and (3) he was forced to plead guilty so he could be released from his "Intrapment [sic]" at the Jail. (Doc. 3 at 4-5, 7). He asks to be set free and for his record to be cleared of all charges. (*Id.* at 6). He also seeks monetary compensation "for every day of incarceration, and every day of probation, including current time," for the high school education that he missed and for his pain and suffering. (*Id.*).

Rule 4 of the Rules Governing Section 2254 Cases allows for summary dismissal of a habeas petition that plainly reveals that relief is not warranted. *See*

2

*McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when the petition "appears legally insufficient on its face"). A district court may not grant a habeas corpus petition unless it appears that either (1) the petitioner "has exhausted the remedies available in the courts of the State"; (2) "there is an absence of available State corrective process"; or (3) "circumstances exist that render such process ineffective to protect the [petitioner's] rights." 28 U.S.C. § 2254(b)(1)(A)-(B). And a petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas corpus petition. 28 U.S.C. § 2254(c). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (same, citing *Boerckel*).[1]

---

[1] These principles apply in the § 2241 context because a fundamental prerequisite for federal habeas relief is that the petitioner must first exhaust all other remedies available to him. *See Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) (noting that the judicially created exhaustion requirement, although codified at 28 U.S.C. § 2254(b) for collateral attacks on state court convictions, "applies to all habeas corpus actions"); *see also Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) (noting that "[a]mong the most fundamental common

3

It is apparent from the face of Petitioner's amended habeas corpus petition, signed and filed on July 27, 2015 (*see* Doc. 3 at 6), that he has not exhausted his state court remedies through one complete round of the state's appellate review process with respect to either his May 16, 2011 conviction(s) and sentence or his June 1, 2015 probation revocation. His petition is therefore due to be dismissed without prejudice for lack of exhaustion.

When challenging detention arising out of process issued by a State court, a federal habeas petitioner must obtain a certificate of appealability ("COA") before appealing the denial of his petition. 28 U.S.C. § 2253(c)(1)(A). A COA may issue only when the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard is met when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

---

law requirements of § 2241 is that petitioners must first exhaust their [other available] remedies"). It is apparent, moreover, that Petitioner is actually proceeding under 28 U.S.C. § 2254 because his three habeas claims challenge his May 2011 conviction(s) and sentence. *See, e.g., Morris v. Fla. Dep't of Corr.*, 519 Fed. Appx. 990, 990 (11th Cir. 2013) ("Sections 2241 and 2254 both govern a single post-conviction remedy, but § 2254 contains additional limitations on a federal court's ability to grant the writ of habeas corpus and *applies to all prisoners who are in custody pursuant to the judgment of a state court.*" (emphasis added) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1059-60 (11th Cir. 2003))).

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Because jurists of reason would not find it debatable whether this federal habeas action should be dismissed for lack of exhaustion, a COA should not issue in this case.

**IT IS THEREFORE RECOMMENDED** that this habeas corpus action be **DISMISSED without prejudice** and that no COA be granted.

The Court **GRANTS** Petitioner leave to proceed IFP for the purpose of dismissal only.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.[2]

**SO RECOMMENDED and ORDERED** this 27th day of August, 2015.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner has filed a letter "To Whom this may Concern" (Doc. 4 at 3), with attachments, regarding the allegedly inadequate medical treatment he has received at the Rockdale County Jail for his injured hand. (Doc. 4). The Clerk is **DIRECTED** to send to Petitioner a civil rights complaint form and an *in forma pauperis* application so that Petitioner may file a separate civil lawsuit if he so desires.

AO 72A
(Rev.8/82)